# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| | Case number: 11-B-34183 |
| **MICHAEL AND PATRICIA EKEGREN,** | |
| **DEBTORS** | |
| | |
| **MICHAEL AND PATRICIA EKEGREN,** | |
| **PLAINTIFFS,** | |
| | |
| vs. | Adversary number: 14-AP-795 |
| | Honorable Judge Black |
| **GLENN STEARNS AS CHAPTER 13 TRUSTEE,** | |
| **DEFENDANT** | |

## NOTICE OF MOTION

**To:**   Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, IL 60532
Gerald Mylander, 801 Warrenville Road, Suite 650, Lisle, IL 60532

PLEASE TAKE NOTICE that on **Friday, January 6, 2015, at 10:00 a.m**, the undersigned will appear before the Honorable Bruce W. Black, at Joliet City Hall, 150 W. Jefferson St., 2nd Floor, Joliet, IL 60432, and then and there present the attached **Motion for Judgment on the Pleadings and Request to Shorten Notice**, a copy of which is attached hereto and served upon you herewith.

By: */s/ Justin R. Storer*
Counsel for the Plaintiffs

Justin R. Storer (ARDC# 6293889)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

## CERTIFICATE OF SERVICE

On January 6, 2015, the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person shown on the within Notice, by first class United States Mail, with postage prepaid, at Chicago, Illinois, and additionally via CM/ECF, the Court's electronic notice system.

*/s/ Justin R. Storer*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 13 |
| ) | Case number: 11-B-34183 |
| **MICHAEL AND PATRICIA EKEGREN,** ) | |
| **DEBTORS** ) | |
| ) | |
| **MICHAEL AND PATRICIA EKEGREN,** ) | |
| **PLAINTIFFS,** ) | |
| ) | |
| vs. ) | Adversary number: 14-AP-795 |
| ) | Honorable Judge Black |
| **GLENN STEARNS AS CHAPTER 13** ) | |
| **TRUSTEE,** ) | |
| **DEFENDANT** ) | |
| ) | |

## MOTION FOR JUDGMENT ON THE PLEADINGS AND REQUEST TO SHORTEN NOTICE

NOW COME THE PLAINTIFFS, Michael and Patricia Ekegren, and now present their MOTION FOR JUDGMENT ON THE PLEADINGS AND REQUEST TO SHORTEN NOTICE, and in support thereof, state as follows:

### Motion for Judgment on the Pleadings

1.      Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012, provides that, after the pleadings are closed, a party may move for judgment on the pleadings. Granting a motion for judgment on the pleadings is appropriate only when there are no material allegations of fact in dispute, and the movant is entitled to judgment as a matter of law. *Cagan v. Intervest Midwest Real Estate Corp.*, 774 F.Supp 1089, 1091, n.2 (N.D.Ill 1991).

2.      The pleadings at issue are the complaint, the answer, and any written instrument that is attached as an exhibit.

3.      While the Plaintiffs have responded, in a separate document, to the Trustee's Motion for Judgment on the Pleadings, that was only an effort at clarification of the question of law at hand.

4. The Plaintiffs agree with the Defendant's contention that this matter is ripe for judgment on the pleadings.

5. To any extent that the Plaintiffs' response to the Defendant's Motion might be considered a matter outside the pleadings (and the Defendant may, of course, seek to reply to the Plaintiffs' response, or respond to the instant motion), the Plaintiffs request that this motion be treated as one for summary judgment under Rule 56, as permitted by Federal Rule of Civil Procedure 12(d), also made applicable by Federal Rule of Bankruptcy Procedure 7012(b), as to the single count of their complaint, with reference to the slightly-adjusted figure below.

6. The Defendant concedes throughout his Answer that he stopped paying SN Servicing on September 26, 2012 (para. 14), amassed a large sum of money (para. 18), and only drafted a check to SN Servicing after the dismissal of the case (paras. 15 and 16).

7. As such, as detailed in the Plaintiffs' reply to the Defendant's motion for summary judgment, the vast majority of the funds were never "unclaimed funds" under the ambit of § 347(a) of the Bankruptcy Code.

8. The Plaintiffs now move for judgment on the pleadings as to $11,677.70 of the funds (totaling $11,744.69) claimed in Count One of their Complaint. They waive the $64.65 disbursed on September 7, 2012, and decline to contest its nature as unclaimed funds; so too do the Plaintiff's decline to contest the Trustee's entitlement to a $2.34 statutory percentage relating thereto.

9. Because judgment in favor of the Plaintiffs would indicate that the Trustee erred in his payment of the funds at issue to the Clerk of the Court, the Plaintiffs include in their proposed Judgment Order language authorizing them to apply for turnover of the full measure at hand with the Clerk of the Court (there were no other "unclaimed funds" in their case).

**Request to Shorten Notice**

10. The Plaintiffs file this motion on January 6, 2015; the first status in the Adversary complaint is set to be heard on January 9, 2015; while mindful of this Court's Local Rule 9013-1(D)(1),

providing that, where service of a notice of motion is by mail, the notice must be mailed at least seven days before the date of presentment, the Plaintiffs now file this Motion and request that it may be presented on shortened notice, as there is no dispute of material fact, and it would benefit all parties to keep all matters moving on what might be deemed a single track.

**WHEREFORE** the Plaintiffs, Michael and Patricia Ekegren, request this Court enter judgment on the pleadings in their favor, in the amount of $11,677.70, and authorize them to apply for payment of all funds on hand at the Clerk of the Court, and issue any other relief that this Court may deem just and proper.

**Respectfully Submitted,**
**By: /s/ Justin R. Storer**

Justin R. Storer (ARDC #6293889)
Lakelaw
53 W. Jackson St., Suite 1610
Chicago, IL 60604
312.662.5757
jstorer@lakelaw.com