# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| | Case number: 11-B-34183 |
| **MICHAEL AND PATRICIA EKEGREN,** | |
| **DEBTORS** | |
| | |
| **MICHAEL AND PATRICIA EKEGREN,** | |
| **PLAINTIFFS,** | |
| | |
| vs. | Adversary number: 14-AP-795 |
| | Honorable Judge Black |
| **GLENN STEARNS AS CHAPTER 13 TRUSTEE,** | |
| **DEFENDANT** | |

## NOTICE OF FILING

**To:**   Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, IL 60532
          Gerald Mylander, 801 Warrenville Road, Suite 650, Lisle, IL 60532

PLEASE TAKE NOTICE that on **Friday, February 6, 2015**, the undersigned filed the attached **Reply to Defendant's Response in Opposition to Plaintiff's Motion for Judgment on the Pleadings**, a copy of which is attached hereto and served upon you herewith.

                                                    *By:  /s/ Justin R. Storer*
                                                    Counsel for the Plaintiffs

Justin R. Storer (ARDC# 6293889)
Lakelaw
420 W. Clayton Street
Waukegan, Illinois 60085-4216
847.249.9100

## CERTIFICATE OF SERVICE

On February 6, 2015, the undersigned certifies that on this date, he caused a copy of the above document to be served upon each person shown on the within Notice, by first class United States Mail, with postage prepaid, at Chicago, Illinois, and additionally via CM/ECF, the Court's electronic noticing system.

                                                    */s/ Justin R. Storer*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| | Case number: 11-B-34183 |
| MICHAEL AND PATRICIA EKEGREN, | |
| DEBTORS | |
| | |
| MICHAEL AND PATRICIA EKEGREN, | |
| PLAINTIFFS, | |
| | |
| vs. | Adversary number: 14-AP-795 |
| | Honorable Judge Black |
| GLENN STEARNS AS CHAPTER 13 TRUSTEE, | |
| DEFENDANT | |

### REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

NOW COME THE PLAINTIFFS, Michael and Patricia Ekegren, in reply to the response filed by the Defendant, Glenn Stearns as Chapter 13 Trustee, in opposition to the Plaintiffs' motion for judgment on the pleadings, and in so replying, state as follows:

The Defendant's response continues to assume what he should rather endeavor to prove: That his escrowing, or allocating, money for a certain creditor singlehandedly transmutes the allocated money into "unclaimed funds" that would be governed by 11 U.S.C. 347(a). In this instance, however, $11,707.70 now at issue,[1] which the Plaintiffs sought to recover from the Defendant before he paid it to the Clerk of the Court, had never been paid to SN Servicing, the creditor at issue, before dismissal.

---

[1] That is: The $11,774.69 on hand at the time of dismissal, less the $64.65 unsuccessfully sent on September 26, 2012, and less the $2.34 statutory compensation relating to that $64.65.

As such, that money is not unclaimed. "Funds are unclaimed when the disbursement agent… has done everything he is required to do to distribute the funds […]." *In re IBIS Corp.*, 272 B.R. 883, (Bankr. E.D. Va. 2001). While the Defendant argues, "[T]he allocating and reserving process for a creditor is the equivalent of actually mailing a check," there is no explanation why that is the case. No suggestion has been offered that SN Servicing evinced, before the case was dismissed, a lack of interest in $11,707.70 – the Defendant had only mailed them $64.65 in September of 2012.

The Defendant argues that, upon the entry of the dismissal order, a final disbursement attempt needed to be made in accordance with 11 U.S.C. 347(a), but section 347(a) does not mandate post-dismissal plan-based disbursements to unsecured creditors – as relevant here, it only references the "final" distribution under 11 U.S.C. 1326 (that is to say, under the plan, under 1326(c)).

The operation of the plan, however, is terminated by the order dismissing the case. It is irrefutable that a chapter 13 plan is no longer enforceable after the case is dismissed. *Williams v. Marshall*, 2014 WL 1457828 (N.D.Ill. 2014). The purpose of section 349(b) is to 'undo the bankruptcy case, as far as practicable, and to restore all property rights to the positon in which they were found at the commencement of the case.' S. Rep. No. 95-989, at 49 (1978). The dismissal of a bankruptcy case returns the parties to the position they were in before the case was initiated. *In re Sanitate*, 415 B.R. 98, 104 (Bankr. E.D.Pa. 2009). As the dismissal order "effectively vacate[s]" the confirmed plan (*In re Tran*, 309 B.R. 330 (9th Cir. BAP 2004)), the "final" distribution referenced under 11 U.S.C. 347(a) would be that made before dismissal.

For this reason, it is not the case that the Plaintiffs' position would render moot section 347(a) of the Bankruptcy Code. They only disagree about its applicability here. If, hypothetically, a standing trustee disbursed funds to an unsecured creditor before dismissal, and then the case were dismissed, and the creditor thereafter failed to cash that check, 347(a) may properly determine that the funds be tendered to the Clerk of the Court.

Those facts, however, are simply not applicable to $11,707.70 now at issue. Those funds have never been paid and so cannot be unclaimed. Section 347(a) is not, presently, applicable to this money.

The Plaintiffs agree with the Defendant's assertion that it would be (citing *Williams v. Marshall, supra*) "impracticable" to require recovery from creditors. The Plaintiffs are not endeavoring to recover from SN Servicing funds that were distributed to SN Servicing. The Plaintiffs are endeavoring to recover money that was held by their standing trustee at the time their case was dismissed.

The Defendant correctly notes that the Plaintiffs failed to modify their confirmed plan or object to the claim of SN Servicing. The Plaintiffs have not attempted to argue that SN Servicing's claim was invalid as of the date the case was filed.

The Parties, collectively, simply disagree about what, in this extraordinarily narrow set of facts, is properly done with money that SN Servicing could have been paid, had SN Servicing participated in the case with diligence. The Defendant's earmarking certain funds for SN Servicing is not equivalent to those funds' being paid and thereafter "unclaimed" under 11 U.S.C. 347. The funds are the property of the Plaintiffs.

WHEREFORE, the Plaintiffs, Michael and Patricia Ekegren, pray this Court enter judgment on the pleadings in their favor, in the amount of $11,707.70, and concurrently authorize them to apply for the unclaimed funds on hand at the Clerk of the Court, and enter any other relief that this Court may deem just and proper.

    Respectfully submitted,
    */s/ Justin R. Storer*
    Justin R. Storer
    Attorney for the Plaintiffs

Justin R. Storer (ARDC 6293889)
Lakelaw
53 W. Jackson, Suite 1610
Chicago, IL 60604
jstorer@lakelaw.com | 312.360.1501 (ph.) | 312.360.1502 (fax)