## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 14 A 795 |
|---|---|---|---|
| DATE | | CASE NO. | 11 B 34183 |
| CASE TITLE | Michael Ekegren and Patricia Ekegren, Debtors<br><br>v.<br><br>Glenn Stearns, Trustee | | |
| TITLE OF ORDER | Plaintiff/Debtor's Motion for Judgment on the Pleadings (Docket entry #7) and Defendant/Trustee's Motion for Judgment on the Pleadings (Docket entry #5) | | |

### DOCKET ENTRY TEXT

At the time of dismissal, all funds held by the trustee were property of the estate and, therefore, vested in the debtors. As such, the trustee's Motion (Docket #5) is denied and the Debtor's Motion for Judgment on the Pleadings (Docket #7) is Granted. The clerk of the court is ordered to disburse the funds held in the court's registry to the debtors.

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 14 A 795 |
| --- | --- | --- | --- |

## STATEMENT

This matter is before the Court on cross-motions for Judgment on the Pleadings, and for the reasons stated below, the Debtor's motion is granted and the Trustee's motion is denied.

## BACKGROUND

This Chapter 13 was confirmed in February of 2012. Pursuant to the plan, the Trustee attempted to pay the creditor, SN Servicing (SNS), several times - the first time in August, 2012, and that payment cleared. The Trustee distributed a second payment to SNS in September, 2012. That payment did not clear and the check was subsequently cancelled by the Trustee.

Although the Trustee did not disburse any further payments to SNS after the September attempt, the Trustee did try to finalize a transfer of claim or an assignment, and made numerous requests for transfer forms, but to no avail. Even though the Trustee was not disbursing payments on the claim during this time, the Trustee continued to collect and hold the funds designated for payment to SNS.

In September of 2014, a year and a half after the Trustee's last actions regarding the claim, the Chapter 13 case was dismissed. After dismissal, and after the filing of this adversary by the Debtors seeking to recover the money held by the Trustee, the Trustee made a last unsuccessful attempt at disbursement to SNS before he deemed the $11,315.48 he was holding to be "unclaimed funds" and deposited the funds with the Clerk of the Court.

The Debtors argue that the $11,744.69 (combination of the $11,315.48 and the Chapter 13 Trustee's statutory fee of $459.21) in question is not unclaimed property and should therefore be returned to them.[1] The Trustee contends that the

---

[1] On January 19, 2014, the Trustee filed a report of unclaimed funds indicating he deposited $11,315.48 as unclaimed property of this estate pursuant to "Check #1517415 returned service release no transfer filed – unable to locate

| **Name of Assigned Judge** | Bruce W. Black | **ADV. NO.** | 14 A 795 |
|---|---|---|---|

disputed funds are unclaimed property that has properly been submitted to the Clerk of the Court upon the Chapter 13 case's dismissal. The central issue is whether the $11,315.48 is unclaimed property as set forth in the Bankruptcy Code § 347[2].

The Trustee's reliance on *In re Wilkerson*, 453 B.R. 337 (Bankr.S.D.Ohio, 2011) and *In re Parker*, 400 B.R. 55 (Bankr. E.D.Pa., 2009) is misplaced. Neither case addresses post-confirmation, post-dismissal funds in a Chapter 13.

The Debtors contend that the funds at issue are property of the estate because they accrued entirely post-confirmation and were tendered after dismissal. The Debtors rely on *Williams v. Marshall*, 2014 WL 1457828 (N.D.Ill.,2014). In *Williams* the court noted that: (a) §349 vests property of the estate in the entity holding it at the commencement of the case, and (2) §1306 defines property of the estate as that which is described in § 541, including post-petition earnings the debtor received prior to conversion, dismissal, or close of the case. The court held that §349(b)(3) dictates that the funds held by the Chapter 13 Trustee at dismissal were property of the estate and therefore, re-vested in the debtors at that time. *Williams* at *4.

By applying *Williams*, it is clear that the funds at issue re-vested in the Debtors at the time of dismissal. When the Trustee initially issued a check and remitted it to SNS, the funds ceased to be a part of the estate. However, the subsequent cancelling of the check rendered it null and void. As such, the funds returned to the estate as if the check had never existed and the Trustee had never affirmatively paid them out. The funds remained property of the estate until such time as the Trustee tendered them, or attempted to tender them, to SNS *pre-*

---

creditor." The named creditor associated with the deposit was SN Servicing Corporation. This order will deal solely with the funds on deposit in the court's registry.

[2] 11 U.S.C. § 101*ff*. Any reference to "section" or "the Code" is a reference to the Bankruptcy Code unless another reference is stated.

| Name of Assigned Judge | Bruce W. Black | ADV. NO. | 14 A 795 |
|---|---|---|---|

*dismissal.*

The Trustee could have submitted the funds described in the cancelled checks to the bankruptcy court pursuant to § 347(a) as unclaimed property *prior to dismissal.* Such action would have prevented the funds from re-entering the estate upon the cancellation of the checks. However, the Trustee did not deposit the funds with the court until *after* the case was dismissed. At the time of the dismissal, all funds the Trustee held were property of the estate and therefore vested in the Debtors.

Accordingly, the funds on deposit with the court are not properly "unclaimed funds," but rather property that is vested in the Debtors. As such, the Trustee's Motion is Denied and the Debtors Motion for Judgment on the Pleadings is granted.

Judgment is entered in favor of the Debtors in the amount of $11,315.48. The clerk of the court is ordered to disburse the funds held in the court's registry accordingly.

**Dated:** February 20, 2015

Bruce W. Black
United States Bankruptcy Judge